REQUESTED BY: Senator Bill Harris 1017 State Capitol Lincoln, NE 68509
Dear Senator Harris:
You have requested our opinion regarding an amendment to LB 452, which would allow an out-of-state bank holding company to acquire a "problem bank" in Nebraska. Specifically, you have asked us whether allowing a bank holding company to come into the state for such a limited purpose would, in fact, allow entry of all out-of-state bank holding companies into the state for all purposes. It is our opinion that such limited entry for out-of-state bank holding companies, as proposed by the amendment to LB 452, would not allow entry of all out-of-state bank holding companies into the state for all purposes. It is our opinion that such limited entry for out-of-state bank holding companies, as proposed by the amendment to LB 452, would not allow entry of all out-of-state bank holding companies into the state for all purposes.
Section 3(d) of the Bank Holding Company Act (also known as the Douglas Amendment) authorizes the states to control acquisition of banks within their borders by out-of-state bank holding companies. Pursuant to that authority, most states have prohibited out-of-state bank holding companies from acquiring a bank within their respective states. Recently, some states have passed legislation authorizing out-of-state bank holdings companies to acquire an in-state bank, under limited circumstances. Opponents of the restrictions have argued that the Douglas Amendment acts as a "on-off switch". That is, if out-of-state bank holding companies are allowed into a state for a limited purpose, then the real effect is to allow all out-of-state bank holding companies to enter the state for any purpose. The argument is that the Douglas Amendment is an all or nothing proposition.
The position is based almost entirely on a textual analysis of the Douglas Amendment. The Douglas Amendment provides that an out-of-state bank holding company is prohibited from acquiring a bank located in another state "unless the acquisition of such shares or assets of a state bank by an out-of-state bank holding company is specifically authorized. . ." Bank of New York Co. Inc. 70 Federal Reserve Bulletin 527 (1984) (emphasis supplied). The argument is made that the use of the indefinite article "an" demonstrates that Congress intended that a state statute authorizing acquisition by a single bank under any circumstance would remove the Douglas Amendment's prohibition on interstate acquisition by bank holding companies in that state.
This argument was considered by the Federal Reserve Board in a number of cases. The Board rejected the argument, stating: "Nothing in the history of the Douglas Amendment suggests that the states were to be permitted only to choose between not allowing out-of-state bank holding companies to enter, and allowing completely free entry." Bank of New England Corporation, 70 Federal Reserve Bulletin 374 (1984), Bank of New York Company, Inc., 70 Federal Reserve Bulletin, 527 (1984), citing Iowa Independent Bankers Association v. Board of Governors of the Federal Reserve System, 511 F.2d 1288 (D.C. Cir.), cert. denied, 423 U.S. 875
(1975).
The issue was recently considered in the case of Northeast Bancorp, Inc. v. Board of Governors of the Federal Reserve System, 740 F.2d 203 (2d Cir. 1984). The court stated that it found nothing in the language or history of the Douglas Amendment to support the contention that the states must either permit all bank holding companies throughout the United States to acquire their banks or to permit none to do so. We would note that the Supreme Court has granted certiorari on this case. Therefore, it is impossible to state without reservation that the Second Circuit's position will be affirmed. However, the weight of authority indicates that it will be upheld. Therefore, the amendment to LB 452 which allows entry of out-of-state bank holding companies into Nebraska in order to acquire a "problem bank" would not inadvertently allow all out-of-state bank holding companies to enter the state at will.
Very truly yours,
ROBERT M. SPIRE Attorney General
Timothy E. Divis Assistant Attorney General